UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THETFORD LLC and
NORCOLD, INC.

      Plaintiffs,

vs.                                                     Civil Action No:

SEEK ADVENTURE LLC, a limited
Liability company, and BRIAN CURRIER,
an individual.

      Defendants.
_____

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff THETFORD LLC ("Thetford") and Plaintiff NORCOLD, INC. ("Norcold")(collectively "Plaintiffs") by their undersigned attorneys, bring this action against SEEK ADVENTURE LLC ("Seek Adventure") and BRIAN CURRIER ("Currier")(collectively "Defendants"), and allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.  This is a civil action for trademark infringement, false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*., trademark infringement and unfair competition under Michigan state law and common law, and false and deceptive practices under the Michigan state law.  Plaintiffs seek equitable and monetary relief for Defendants willful violations of Plaintiffs' trademark rights.

2.  Defendants have been offering for sale, selling and promoting goods and services under the Thetford and Norcold names and marks as noted in Exhibits A and B, respectively,

including in a font nearly identical to that used by Thetford and Norcold, therein misappropriating the core of Thetford and Norcold's branding and violating Plaintiffs' trademark rights in multiple ways.  As a result of Defendants' use in connection goods and services as noted for example at Exhibits A and B, consumers are likely to confuse them with Thetford and Norcold, respectively.  Plaintiffs resolved prior violations in the past through successful UDRP Proceedings, but Defendants have reemerged in their unlawful actions.

## PARTIES

3.      Thetford LLC is a Delaware Company with a principal place of business at 7101 Jackson Road, Ann Arbor, Michigan 48103.

4.      Norcold, Inc. is a Delaware Company with a principal place of business at 600 S. Kuther Road, Sidney, Ohio 45365.

5.      Norcold is a wholly owned subsidiary of Thetford.

6.      Seek Adventure LLC is a limited liability company with an address at 411 Walnut St., Green Cove Springs, Florida 32043.

7.      Brian Currier is an individual residing at 41606 Waterfall Road, Northville, Michigan 48168, is the founder, principal and officer of Seek Adventure LLC, and therein is the alter-ego of Seek Adventure LLC.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court also has jurisdiction under the laws of the State of Michigan (Mich. Comp. Laws and Section 445.901 et seq.); and related causes of action under the laws of the State of Michigan, arising from Defendants' infringing use in violation of Plaintiffs' trademark rights under its Federal trademark registrations and Federal

and State laws.   This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its Federal claims and otherwise arise out of the same case or controversy.

9.     This Court has specific jurisdiction over Defendants, because Defendants purposely availed themselves with the privilege of conducting business in Michigan and alter ego Currier is otherwise a resident.

10.     Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events bringing rise to the Plaintiffs claims have occurred and continue to occur in this district.

## PLAINTIFFS, THEIR PRODUCTS AND THEIR TRADEMARKS

11.     Thetford is the world's leading manufacturer of mobile sanitation products for the RV, marine, camping and truck markets. Thetford sells toilets and related sanitation products.

12.     Norcold was purchased by Thetford in 1997 and remains a manufacturer and seller of specialty refrigerators to the RV and marine industries.

13.     Thetford owns, among others, the following valid and existing U.S. Federal Trademark Registrations for its Thetford Marks (true and correct copies of those Registrations are attached as Exhibit C):

| Mark | Registration Number | Goods and Services |
|---|---|---|
| **THETFORD** | 1,661,379 | IC 003. US 006. G & S: chemical preparations used to deodorize toilets. FIRST USE: 19891231. FIRST USE IN COMMERCE: 19891231  IC 011. US 013. G & S: toilets. FIRST USE: 19891231. FIRST USE IN COMMERCE: |

| Mark | Registration Number | Goods and Services |
|---|---|---|
| | | 1989123 |
| **THETFORD** | 4,393,111 | IC 001. US 001 005 006 010 026 046. G & S: Degreasing agents; tissue digester, in the nature of a biodegradable waste digestant for use in septic systems. FIRST USE: 19840901. FIRST USE IN COMMERCE: 19840901<br><br>IC 003. US 001 004 006 050 051 052. G & S: Cleaning products, namely, all-purpose plastic cleaner, liquid bug remover for vehicles, awning cleaner, kitchen cleaning liquid, glass cleaner, stain remover, bilge cleaning liquid, and boat deck cleaning liquid; polishing products, namely, floor polish, chrome polish, degreasing preparations for use on boats and boat engines; floor wax. FIRST USE: 20070131. FIRST USE IN COMMERCE: 20070131<br><br>IC 005. US 006 018 044 046 051 052. G & S: Disinfectants, namely, products for disinfecting of water closets, namely, disinfectant toilet bowl cleaners, and toilet deodorizer tablets; toilet holding tank deodorants; toilet tank sanitizer. FIRST USE: 19741001. FIRST USE IN COMMERCE: 19741001<br><br>IC 011. US 013 021 023 031 034. G & S: Toilets, namely, portable toilets, permanent toilets, marine toilets and macerator toilets; bidets; toilet waste processing systems, namely, removable waste holding tanks; toilets and macerators; refrigerator vents and covers. FIRST USE: 20031017. FIRST USE IN COMMERCE: 20031017<br><br>IC 019. US 001 012 033 050. |

| Mark | Registration Number | Goods and Services |
|---|---|---|
| | | G & S: Non-metal pipe couplings and joints for a motor vehicle waste transfer system for releasably coupling interchangeable components. FIRST USE: 20090520. FIRST USE IN COMMERCE: 20090520 |
| THETFORD MARINE | 3,763,975 | IC 005. US 006 018 044 046 051 052. G & S: Chemical preparations for sanitary purposes; holding tank deodorants and treatment preparations for sanitary purposes; chemical odor control concentrate for use in holding tanks; chemical preparations for treating mildew. FIRST USE: 20071201. FIRST USE IN COMMERCE: 20071201 |

14.     Norcold owns, among other things, the following valid and existing U.S. Trademark Registration for its Norcold mark (a true and correct copy of this Registration is attached at Exhibit D):

| Mark | Registration Number | Goods and Services |
|---|---|---|
| NORCOLD | 1,457,331 | IC 011. US 031. G & S: REFRIGERATORS. FIRST USE: 19530000. FIRST USE IN COMMERCE: 19530000 |

15.     The registered Thetford Marks and Norcold Marks are in full force and effect, unrevoked and uncanceled.

16.     Ownership of the registrations attached at Exhibits C and D are evidence of the validity of the trademark status of these marks and Plaintiffs' respective exclusive right to use under the provisions in Section 7(b) of the Federal Trademark Act of 1946, as Amended.

17.     Plaintiffs' rights are uncontestable under the provisions of Section 15 of the Federal Trademark Act of 1946, as Amended.

18. Plaintiffs also have common law rights in the Thetford Marks and Norcold Marks as a result of long and uninterrupted use.

19. Thetford has used certain of the Thetford Marks since at least as early as 1974.

20. Norcold has used its Norcold Mark since at least as early as 1953.

21. Thetford and Norcold, respectively, operate websites and offer for sale and sell their respective goods and provide services via https://thetford.com/ and https://norcold.com/.

22. Plaintiffs' combined products are sold and serviced in the United States via a network of authorized dealers and service centers. Plaintiffs provide a searchable database of authorized Thetford and Norcold retail outlets on the website http://www.thetford.com/customer-support/dealer-and-service-center-locator/. Plaintiffs' database informs customers that a given location is an "authorized service center that it sell[s] Norcold," "sells[s] Thetford," and handles product recalls. Plaintiffs' website also provides products and parts information and photographs. These products include power boards and cooling units.

23. As a result of the exclusive and extensive use, advertising and promotion by Thetford of its goods and services and Norcold of its goods and services, Plaintiffs have accumulated substantial goodwill symbolized by their respective marks, such that the purchasing public knows and associates the respective goods and services of Thetford with the Thetford Marks and of Norcold with the Norcold Marks.

## DEFENDANTS AND THEIR WRONGFUL ACTVITIES

24. Without Plaintiffs' authorization or approval, Defendants have been offering goods and services under the Thetford and Norcold marks through Thetford RV/ Marine Toilets and Parts for Sale! (thetfordguy.com) and Norcold Parts | Norcold RV Refrigerators and Parts For Sale! (thenorcoldguy.com), respectively.

25.     Like Plaintiffs, Defendants use the Thetford and Norcold name and marks in connection with identical goods and services.

26.     In 2015, Currier began registering multiple domain names and as the alter-ego, began using those names in conjunction with Seek Adventure.

27.     Plaintiffs sought adjudication through the Uniform Domain Name Dispute Resolution Policy and were successful as noted at Exhibit E.

28.     Plaintiffs became aware that despite the prohibition as noted in the full text of the UDRP Opinion at Exhibit E, Defendants have willfully reemerged and are using Thetford and Norcold name and marks in connection with goods and services as noted through Thetford RV/ Marine Toilets and Parts for Sale! (thetfordguy.com) and Norcold Parts | Norcold RV Refrigerators and Parts For Sale! (thenorcoldguy.com), respectively and as further depicted as to specific goods and services at Exhibits A and B.

29.     Currier as the registrant registered the following offending domain names:

https://thetfordguy.com/ and https://thenorcoldguy.com/

(collectively, the "Offending Domain Names").

30.     Currier is the alter-ego of Seek Adventure, and is the sole founder, principal and officer, employing the Offending Domain Names and offering for sale and selling the goods and providing the services noted at Exhibits A and B, without authority or consent and in clear bad faith in view of the resolution noted at Exhibit E.

31.     Defendants target the same customers as Plaintiffs and utilize the same marketing channels.

## INJURY TO PLAINTIFFS AND THE PUBLIC

32.     Defendants unauthorized use of the Thetford name and Marks and the Norcold name and Mark is likely to cause confusion, mistake and deception as to the source or origin of Defendants goods and services, is likely to falsely suggest sponsorship, connection or association between Defendants, their goods, and commercial activities with Plaintiffs, individually or collectively.

33.     Defendants unauthorized use of the Thetford name and Marks and Norcold name and Mark and other combinations thereof, have damaged and irrevocably injured, and if permitted to continue, will damage and irreparable injure Plaintiffs and their respective Marks.

34.     Defendants' acts, described above, have irreparably injured and if permitted to persist, will continue to irreparably injure the public, who have an interest from being free from confusion, mistake and deception.

### COUNT I
### TRADEMARK INFRINGEMENT UNDER 32(1)
### OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

35.     Plaintiffs reaffirm and reallege paragraphs 1-34 as if fully set forth herein.

36.     Without Plaintiffs' consent, Defendants have used and continue to use in commerce, reproductions, copies and imitations of Plaintiffs' registered Thetford and Norcold Marks in connection with the offer, distribution and advertising of goods and services.  These actions are likely to cause confusion, or cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

### COUNT II
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
### PASSING OFF AND UNFAIR COMPETITION UNDER SECTION 43(a)(1)(A) OF
### THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

37.     Plaintiffs reaffirm and reallege paragraphs 1-36 as if fully set forth herein.

8

38.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or deceive as to the origin or sponsorship or approval of Defendants, their goods, and/or commercial activities by or with Plaintiffs. Defendants' actions thus constitute trademark infringement, false designation or origin, passing off, and unfair competition in violation of 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

## COUNT III
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT, M.C.L. § 445.903

39.     Plaintiffs reaffirm and reallege paragraphs 1-38 as if fully set forth herein.

40.     Defendants' acts constitute unfair, unconscionable and deceptive methods, acts and practices in conducting trade or commerce in violation of the Michigan Consumer Protection Act, M.C.L. § 445.903.

41.     Defendants' use of Thetford and Norcold cause a probability of confusion or misunderstanding of source, sponsorship or approval of goods and services in violation of M.C.L. § 445.903(1)(a).

42.     Defendants' use deceptive representations in connection with goods/services is in violation of M.C.L. § 445.901(1)(b).

43.     Defendants' represent that its goods/services have sponsorship, approval, characteristics, ingredients, uses, and benefits or qualities that they do not have in violation of M.C.L. § 445.901(1)(c).

44.     Defendants' actions have caused, and unless enjoined by this Court, will continue to cause substantial injury and loss to the public and to Plaintiffs. Based on Defendants unlawful activities, Plaintiffs seek injunctive relief and to recover damages, as appropriate punitive damages, costs, and reasonable attorney's fees.

## COUNT IV
## TRADEMARK INFRINGEMENT, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

45.     Plaintiffs reaffirm and reallege paragraphs 1-44 as if fully set forth herein.

46.     Defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants goods, and/or their commercial activities by or with Plaintiffs such that Defendants acts constitute infringement of Plaintiffs' proprietary rights in the Thetford Marks and the Norcold Mark, misappropriation of Plaintiffs' goodwill in those Marks, and unfair competition under Michigan Common Law.

47.     Defendants' actions, as described herein, constitute false and misleading descriptions and misrepresentations of fact in commerce, which in commercial advertising and promotion, materially represent the nature, characteristics and qualities of Defendants' goods/services and constitute false and deceptive advertising under Michigan Common Law.

48.     Defendants' actions have resulted in the misappropriation of, and trading upon, Plaintiffs valuable goodwill and business reputation at Plaintiffs' expense.   The effect of Defendants misappropriation of the goodwill symbolized by the Thetford Marks and Norcold Mark is likely to unjustly enrich Defendants, damage Plaintiffs and confuse and/or deceive the public.

49.     Defendants' actions constitute unfair competition with Plaintiffs which has caused and will continue to cause irreparable injury to the Plaintiffs' goodwill and reputation unless enjoined.

50.     An award of money damage cannot fully compensate Plaintiffs for their injuries and Plaintiffs have no adequate remedy at law.

## COUNT V
## <u>UNJUST ENRICHMENT</u>

51.     Plaintiffs reaffirm and reallege paragraphs 1-50 as if fully set forth herein.

52.     By misappropriating Plaintiffs goodwill and reputation through the improper use of a name confusingly similar to Thetford and/or Norcold, and by falsely advertising, Defendants have been unjustly enriched to the detriment of Plaintiffs.

53.     Defendants are realizing profit and will continue to realize a profit from their improper use of a name confusingly similar to Thetford and/or Norcold and its false advertising.

54.     An award of money damages alone cannot fully compensate Plaintiffs for their injuries and Plaintiffs have no adequate remedy at law.

55.     Plaintiffs are entitled to compensatory damages in the form of restitution and such other relief as the Court deems equitable and just.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.     An Order declaring that Defendants' uses of the Thetford and Norcold name and Marks, respectively, infringe Thetford Marks and Norcold Mark, and constitute unfair competition under federal and/or state law, as detailed above;

B.     A permanent injunction enjoining Defendant and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.     From using, registering, or seeking to register the Thetford or Norcold Marks in any form, including in connection with any other wording or designs, and from

using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Thetford Marks and Norcold Mark;

2.     From representing by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are associated or connected in any way with Thetford Marks and Norcold Mark or sponsored by or affiliated with Plaintiffs in any way;

3.     From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs C(1)-(2);

C.     An Order directing Defendants to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear Defendants' marks or any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Thetford Marks and Norcold Mark and/or Thetford or Norcold;

D.     An Order directing Defendants, the GoDaddy registrar, and/or any other applicable registrar or organization to transfer to Thetford and Norcold respectively, the https://thetfordguy.com/ and https://thenorcoldguy.com/ domain names and all other domain names Defendants owns or controls that contain any of Thetford Marks or Norcold Mark (including, but not limited to, any domain names comprised of or containing Thetford or Norcold), any marks confusingly similar to any of Thetford Marks and Norcold Mark;

E.     An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Plaintiffs' attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.      An Order requiring Defendants to account for and pay to Plaintiffs any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.      An Order requiring Defendants to pay Plaintiffs damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

I.      An Order requiring Defendants to pay Plaintiffs all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

J.      An Order requiring Defendants to pay Plaintiffs punitive damages for trademark infringement and unfair competition under Michigan common law; and

K.      Other relief as the Court may deem appropriate.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully demand a trial by jury of any issues so triable by right.

Date:  September 7, 2022

*s / George D. Moustakas /*
George D. Moustakas (P41631)
HARNESS, DICKEY & PIERCE, P.L.C.
5445 Corporate Drive, Ste. 200
Troy, MI 48098
(248) 641-1600
gdmoustakas@harnessip.com

*Attorney for Plaintiffs, Thetford LLC and Norcold, Inc.*

26759833.1

13